# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRANDON LEE WHITE, | CASE NO. 1:19-cv-2451 |
| PLAINTIFF, | JUDGE PAMELA A. BARKER |
| vs. | MEMORANDUM OPINION AND ORDER |
| MANSFIELD CORRECTIONAL INSTITUTION, | |
| DEFENDANT. | |

*Pro se* plaintiff Brandon Lee White ("White"), a state prisoner, brings this action pursuant to 42 U.S.C. § 1983 against the defendant Mansfield Correctional Institution ("MCI"). White alleges that Warden Ed Shelton ("Shelton") and Unit Manager Emily Bradley ("Bradley") do not afford equal treatment to inmates in limited privilege housing ("LPH"). (Doc. No. 1.)

For the reasons that follow, this action is dismissed.

**A. Background**

White is a state prisoner confined at MCI. White's claims in his brief complaint are difficult to discern. He alleges that there are "two" different LPH units at MCI, but the administrative rules provide for only one. White claims that Shelton and Bradley treat inmates in LPH who are "scared" or have a "safety issue" as violent rule violators and, when he is convicted of a Rule 23 violation, he is punished more severely than prisoners who commit violent acts are punished, including loss of telephone and commissary privileges. For relief, White seeks restoration of his privileges and compensation for pain and suffering. (*Id.* at 3-5.[1])

---
[1] All page number references are to page identification numbers generated by the Court's electronic filing system.

**B. Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must review and dismiss an *in forma pauperis* complaint that fails to state a claim upon which relief may be granted. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that *Twombly /Iqbal* standard applies to review of prisoner complaints under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim). To pass this threshold review, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the complaint contains "factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Its "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

When conducting this analysis, this Court accepts as true "all the factual allegations in the complaint" but not "legal conclusion[s] couched as ... factual allegation[s]." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). *Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 520 (1972)); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). That said, the Court is not required to conjure unpleaded facts or construct claims on White's behalf and he must allege "more than bare assertions of legal conclusions ... to satisfy federal notice pleading requirements." *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted).

Even with the benefit of liberal construction, White fails to state a valid claim for relief.

**C. Analysis**

White brings this action pursuant to 42 U.S.C. § 1983. In order to state a § 1983 claim, he must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the United States Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### *MCI and ODRC are dismissed*

As an initial matter, defendant MCI is not a legal entity capable of being sued under § 1983. *See Brown v. Imboden*, No. 1:11 CV 529, 2011 WL 3704952, at *2 (N.D. Ohio Aug. 23, 2011) (Mansfield Correctional Institution is not a legal entity capable of being sued or of bringing suit) (collecting cases). MCI is a prison facility under the control of the Ohio Department of Rehabilitation and Correction ("ODRC") and White's claim against MCI is properly construed as a claim against the ODRC. *See id.*

The ODRC is an agency of the State of Ohio and is not a "person" for the purposes of § 1983. *Henton v. Ohio Dep't of Rehab. & Correction*, No. 1:19 CV 462, 2019 WL 4346266, at *1 (N.D. Ohio Sept. 12, 2019) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989)). Moreover, the State of Ohio and its agencies are immune from suit under the Eleventh Amendment of the United States Constitution unless the State's immunity has been abrogated by Congress or the State of Ohio has consented to be sued. *See Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997) (Eleventh Amendment immunity applies to state agencies and instrumentalities) (citations omitted). When enacting § 1983, Congress did not abrogate the State's Eleventh Amendment immunity. *Will,* 491 U.S. at 65-66. Nor has the State of Ohio consented to suit under § 1983. *See Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992) (the State of Ohio has not waived its Eleventh Amendment immunity from suit in § 1983 cases).

Accordingly, the ODRC is immune from suit under § 1983 and White's claim against MCI and the ODRC is dismissed pursuant to § 1915(e).

### *Shelton and Bradley are dismissed*

Although not named as defendants in the case caption, White identifies Shelton and Bradley as defendants in the body of the complaint. (*See* Doc. 1 at 3.) In the spirit of liberal construction, the Court will consider what appears to be an equal protection claim asserted against Shelton and Bradley.

The Equal Protection Clause of the Fourteenth Amendment provides that "'[n]o state shall … deny to any person within its jurisdiction the equal protection of the laws.'" *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015) (quoting U.S. Const. amend. XIV § 1). The Equal Protection Clause "is in essence 'a direction that all persons similarly situated should be treated alike.'" *Id*. (quoting *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985)). "To state an equal protection claim in the prison context, Plaintiff must allege he was treated differently than other similarly situated prisoners." *Starr v. Bova*, No. 1:15 CV 126, 2015 WL 4138761, at *2 (N.D. Ohio July 8, 2015) (citing among authority *McCleskey v. Kemp, Supt., Ga. Diagnostic and Classification Ctr.,* 481 U.S. 279, 292-93 (1987)).

Here, White claims in conclusory fashion that he is punished more severely in LPH than prisoners committing violent acts. But the complaint is devoid of factual allegations from which this Court may infer that White and the prisoners in LPH allegedly receiving more favorable treatment than he receives are similarly situated in all relevant respects. Accordingly, White fails to state a plausible § 1983 Fourteenth Amendment equal protection claim, and the complaint is dismissed pursuant to § 1915(e)(2)(B) for this additional reason. *See e.g. Johnson v. Gidley*, No. 1:14-CV-394, 2014 WL 3543730, at *4 (W.D. Mich. July 17, 2014) ("Plaintiff does not identify any similarly-situated white prisoners. He claims that other white prisoners were allowed to work, but he does not identify any facts or circumstances about their work, or whether they were

subject to the same decisionmaker. Thus, Plaintiff's conclusory assertion of discrimination is wholly insufficient to state a claim.") (citing *Iqbal,* 556 U.S. at 678).

   **D. Conclusion**

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

   **IT IS SO ORDERED.**


Date: February 18, 2020            *s/Pamela A. Barker*
Pamela A. Barker
U.S. District Judge